ROBERT J. DOUGLAS
Attorney at Law
2440 Sixteenth Street #325
San Francisco, CA 94103
415-437-2889
Attorney for Plaintiff

E-Filing

FILED
06 SEP 29 PM 5:07
RICHARD W. WIEKING
U.S. DISTRICT COURT
N. DIST. OF CALIFORNIA

UNITED STATE FEDERAL DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

Jerry Thompson,

    Plaintiff,

vs.

Zante, Inc. A Nevada Corporation, dba The Sands Regency Hotel, THE ORIGINAL MELS, Inc., A California Corporation dba Original Mel's Diner

    Defendants

Case No.: C 06 6145 SBA

COMPLAINT FOR DISCRIMINATION UNDER AMERICANS WITH DISABILITIES ACT FOR FAILURE TO MAKE FACILITES ACCESSSIBLE INJUNCTIVE RELIEF, ATTORNEY FEES, COSTS, AND EXPENSES

## COMPLAINT

Plaintiffs, Jerry Thompson asserts:

1. On July 26, 1990, congress enacted the Americans with Disabilities Act, 42 USCA §§12101 et seq., establishing the most important civil rights for person with disabilities in our country's history.

2. The congressional statutory findings include:

a. "some 43,000,000 Americans have one or more physical or mental disabilities...";

- 1

    b. "historically, society has tended to isolate and segregate individuals with disabilities and despite some improvements, such forms of discrimination against individuals with disabilities continue to be a serious and pervasive social problem";

    c. "discrimination against individuals with disabilities persists in such critical area as public accommodations";

    d. "individuals with disabilities continually encounter various forms of discrimination, including…the discriminatory effects of architectural barriers", and

    e. "the continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity…to pursue those opportunities for which our free society is justifiably famous…" 42USCA §12101(A)

3. Congress went on to state explicitly the purpose of the Americans with Disabilities Act, to be:

    a. "to provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities";

    b. "to provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities…" and

    c. "to invoke the sweep of Congressional authority…to regulate commerce, in order to address the major area of discrimination faced day-to-day by people with disabilities." 42 USCA § 12101(b)

4. Congress gave commercial businesses 1 and ½ years to implement the Act. The effective date was January 26, 1992.

5. Nevertheless, Zante, Inc. a Nevada corporation doing business as Sands Regency Hotel, is the owner and operator of a hotel located at 345 N. Arlington Ave Reno NV. 89501. Defendant Zante provides Vans at the Airport to pick up and drop off guest of their hotel. The Vans are not equipped for disabled. Once at the hotel Plaintiff discovered there was no access to

the restrooms, the buffet, and the show Room on the second floor. Finally, Defendant Zante failed to provide adequate guest rooms accessible for the disabled.

6. It is alleged that Original Mel's, Inc., a California corporation doing business as Original Mel's Diner operates an eating establishment in the Sands Regency located at 345 N. Arlington Ave. Reno NV. 89501. Although there is an entrance in the hotel for most of their guest, this entrance is not assessable for the disabled. In order for a disabled guest to enter the restaurant, he or she must go outside. In addition to the additional burden of being required to leave, the hotel to enter the restaurant, in the summer or winter this adds to the burden given the weather of Reno, NV. Finally, Plaintiff travels with a service dog that under State Law must be allowed access, to a business establishment. In this matter, Defendant Original Mel's told Plaintiff that he would not be allowed to reenter the restaurant with his service dog, despite his protest.

7. Plaintiff has requested Defendants and each of them to correct these violations but to no avail. Plaintiff seeks to redress his rights under the Americans with Disabilities Act and ask this court to issue injunctive relief against defendant to end the ongoing discrimination.

## JURISDICTION

8. This court has jurisdiction under 28 USCA §§1331 and 1343

9. Plaintiff's claims are authorized by 28 USCA §§ 2201 and 2202

## PARTIES

10. Plaintiff, Jerry Thompson, is a visibly disabled individual. Plaintiff has polyneuritis of the feet, which causes him to use a wheelchair.

11. Defendant, Zante, Inc. a Nevada corporation doing business as Sands Regency Hotel, is the owner and operator of a hotel located at 345 N. Arlington Ave Reno NV. 89501.

12. Defendant Original Mel's, Inc., a California corporation doing business as Original Mel's Diner operates an eating establishment in the Sands Regency located at 345 N. Arlington Ave. Reno NV. 89501.

13. Defendants and each of them failed to correct the access for disabled person attempting to use there facilities in opposition to the Americans with Disabilities Act and therefore continues to discriminate against person with persons mobility disabilities.

## FACTS

14. One of the most important parts of the Americans with Disabilities Act was Title III, known as the "Public Accommodations and Services Operated by Private Entitles." 42 USCA §§ 12181 et seq.

15. Congress included a "restaurant, bar, or other establishment serving food and drink" as a public accommodation covered by the Act 42 USCA § 12181(7) (B).

16. Defendants' and each of them operated a Hotel and restaurant at 345 N. Arlington Ave Reno NV. 89501.

17. As relevant to the present action, discrimination includes "a failure remove architectural barriers that are structural in nature in existing facilities… where such removal is readily achievable, or the installation of structural items that will provide assessable." 42 USCA §12182(B)(2)(A)(iv).

18. On February 13, 2006 plaintiff notified defendants the Sands Regency that its rest rooms on the second floor were not accessible and further notified each of the Defendants that the commercial restaurant was inaccessible to Plaintiff, a copy of the letter is attached as Exhibit A.

19. On February 13, 2006, plaintiff wrote to defendant The Sands Regency did not provide Plaintiff rooms for the disabled, access to rest rooms nor adequate parking as required by law, a copy of the letter is attached as Exhibit A, and incorporated by reference.

20. Ignoring the federal statute and regulations, and contrary to elementary architectural design, defendant failed to respond to the requirement of The Americans with Disabilities Act.

21. These excuses were pretexts for defendant's continued violation of the Americans with Disabilities Act.

22. Commercial properties in the area have made the changes yet Defendants have refused to correct this violation.

## CLAIMS

23. Pursuant to Americans With Disabilities Act 42USCA §§ 12101 et seq., and the federal regulations promulgated pursuant to this Act, 28 CFR 36.304, defendant was required to make the commercial restaurant at 345 N. Arlington Ave., Washoe County Reno NV. 89501, accessible by to date, defendant has chosen not to do so.

24. By failing to remove the architectural barrier where removal is achievable, defendant has discriminated against plaintiffs and violated the Americans With Disabilities Act readily, and continues to do so.

25. Plaintiff has no adequate remedy at law, or otherwise, for the harm done by defendant; and plaintiff has suffered and continues to suffer great and irreparable loss, damage, and injury as a proximate result of the above mentioned acts, and conduct of defendant, for which plaintiffs have no adequate remedy at law,   Plaintiff will continue to so suffer unless such acts and conduct of defendant are enjoined.

## REQUEST FOR RELIEF

WHEREFORE, plaintiff respectfully request that this court;

1. Assume jurisdiction of this action;
2. Issue a temporary restraining order, a preliminary injunction, and, after a final hearing, a permanent injunction restraining and enjoining

defendant, its agents and employees, from continuing its discrimination; and

3. Award plaintiff appropriate attorney fees, costs, and expenses, and such additional or alternative relief as may be just and proper.

Dated: 9-21-06

Robert J. Douglas, Esq.
Attorney for Plaintiff