|   |   |
|---|---|
| UNITED STATES DISTRICT COURT | |
| NORTHERN DISTRICT OF CALIFORNIA | |
| OAKLAND DIVISION | |

JERRY THOMPSON,

        Plaintiff,

  v.

ZANTE, INC., NEVADA CORP. dba THE SANDS REGENCY HOTEL, THE ORIGINAL MEL'S INC., A CALIFORNIACORPORATION, dba ORIGINAL MEL'S DINER, and DOES 1-50,

        Defendants.

No.  C 06-6145 SBA

**ORDER**

[Docket No. 13]

## INTRODUCTION

For the reasons stated below, the Court DISMISSES this matter for failure to prosecute.

## BACKGROUND

This action commenced on September 29, 2006, when plaintiff Jerry Thompson filed a "Complaint for Discrimination Under Americans with Disabilities Act For Failure to Make Facilities Accessible, Injunctive Relief, Attorney Fees, Costs and Expenses" against defendants Zante. Inc and The Original Mel's. [Docket No. 1].  The complaint was never served on either defendant.  Mr. Thompson was denied leave to proceed In Forma Pauperis, [Docket No. 5] and on October 6, 2006, by and through his attorney of record Robert Douglas, plaintiff filed an Amended Complaint against Zante, Inc. and The Original Mel's, Inc. [Docket No. 4].  This amended complaint was never served upon either defendant. On October 30, 2007, a "First Amended Complaint" was filed and served on The Original Mel's only. [Docket No. 7].  Defendant The Original Mel's  filed its Answer on December 14, 2007. [Docket No. 9].

In December 2007 and January 2008, counsel for The Original Mel's communicated with plaintiff's counsel of record, Robert Douglas, by both email and telephone regarding The Original Mel's intent to file a motion to transfer and the parties' interest in settlement, among other topics. [Docket No. 13, Defs.' Motion Decl. of Higgins ¶ 2].

In February and March 2008, Defendant's attempts to contact Mr. Douglas by telephone and email to discuss the case were unsuccessful; Mr.Douglas did not return telephone calls and did not respond to email. [Id. at ¶3]. On April 9, 2008, Mr. Douglas explained to Defendant that he was no longer practicing law and no other attorney was representing Mr. Thompson in this matter. Counsel for The Original Mel's confirmed this discussion by email and requested that plaintiff file a notice of dismissal with the parties agreeing to bear their own fees and costs. [Id. at ¶4]. No action ensued.

Defendant corresponded by email with Mr. Douglas on April 30, 2008, indicating it was interested in making a settlement offer commensurate with its view of liability. No response was received. Defendant subsequently requested Mr. Douglas' consent to speak to the plaintiff directly if Mr. Douglas would not communicate with him. [Id. ¶¶ 6-9]. Finally, on June 26, 2008, Mr. Douglas told Counsel for The Original Mel's that Mr. Thompson had died and that Mr. Douglas would be filing a Request for Dismissal within two weeks. [Id. ¶ 10]. On August 1, 2008, Defendant spoke with Mr. Douglas, who again reported that Mr. Thompson had died and that he was no longer practicing law. When Defendant explained to Mr. Douglas that he was still plaintiff's counsel of record and that this case continued to be pending against The Original Mel's, Mr. Douglas responded that he "[could] not help." [Id. ¶ 11].

The Court takes Judicial Notice, pursuant to Fed. R. Evid. 201(d), that Mr. Douglas is no longer eligible to practice law.[1]

**LEGAL STANDARD**

Federal Rule of Civil Procedure 41(b) provides, in pertinent part:

> If the plaintiff fails to prosecute [ . . .], a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) [. . . ] operates as an adjudication on the merits.

"District courts have inherent power to control their dockets and may impose sanctions, including dismissal, in the exercise of that discretion." *Oliva v. Sullivan*, 958 F.2d 272, 273 (9th Cir. 1992).

---

[1] The official website of the State Bar of California, www.calbar.org, states that Douglas is "Not Eligible to Practice Law" as of July 1, 2008.

> [A] district court [is] required to weigh several factors in determining whether to dismiss [a] case for lack of prosecution: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits and (5) the availability of less drastic sanctions.

*Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986).

**ANALYSIS**

According to defense counsel, she was advised that plaintiff has died. Plaintiff's counsel, Douglas, is no longer eligible to practice law and, consequently, no one is prosecuting this action. In June 2008, Douglas reported to defense counsel that it was his intent to cause the dismissal of this action. However, he did not follow through. With no plaintiff or plaintiff's representative, it is appropriate for the Court to dismiss this action for failure to prosecute and as a reasonable and proper exercise of its power to control the docket. *See Henderson*, 779 F.2d at 1423.

**CONCLUSION**

Accordingly, the Court DISMISSES this matter. The Clerk of Court is directed to CLOSE the case file and any pending matters related to it. All matters calendared in this matter and all related matters are VACATED.

IT IS SO ORDERED.

October 3, 2008

Saundra Brown Armstrong
United States District Judge

3